United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OPTRASCAN, INC.,
Plaintiff,

v.

DANIEL WIESE, et al.,
Defendants.

Case No. 24-cv-07979-PCP

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

Re: Dkt. No. 21

On May 19, 2025, the Court granted plaintiff OptraSCAN, Inc.'s motion for assistance in sending letters rogatory for the purpose of serving defendants located in the Republic of South Africa. *See* Dkt. No. 20. That order instructed the Clerk of Court to execute the letters rogatory attached to OptraSCAN's motion. But to do so, the Clerk required additional documentation from OptraSCAN—specifically, a summons. So the Clerk contacted OptraSCAN to request a proposed summons for issuance. More than a year later, OptraSCAN has neither responded to the Clerk's office nor provided a proposed summons. As a result, defendants have yet to be served. And OptraSCAN has not filed anything in this case for seventeen months.

On August 11, 2026, the Court ordered OptraSCAN to show cause by no later than September 7, 2026, why this action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) or, in the alternative, to file a notice of voluntary dismissal if OptraSCAN did not intend to proceed with the litigation. *See* Dkt. No. 21. OptraSCAN failed to respond to the Court's order.

The Court therefore *sua sponte* considers whether to dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). In determining whether to dismiss, the Court must consider five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation modified). The Court may dismiss "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." *Yourish v. Calif. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). Here, four factors favor dismissal.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.*

The second factor also favors dismissal because "[i]t is incumbent upon the Court to manage its docket without being subjected to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642. OptraSCAN's conduct has needlessly "consumed … the [C]ourt's time that could have been devoted to other cases on the docket." *Id.*

The third factor also favors of dismissal given the risk of prejudice to the defendants in this case. "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643. OptraSCAN has done nothing to move this case forward in the last seventeen months, and OptraSCAN offers no indication that it has any plans to do so in the future. The unnecessary and lengthy delay increases the risk of prejudice to defendants.

The fourth factor likewise favors dismissal because the Court has considered less drastic sanctions. The Court waited fifteen months before ordering OptraSCAN to show cause why this action should not be dismissed for failure to prosecute, and the Court offered OptraSCAN the opportunity to explain its reasons for delay. OptraSCAN has not responded to the Court, nor has OptraSCAN ever responded to the Clerk's office.

The final factor—the public interest in resolving cases on the merits—always weighs against dismissal. *See Pagtalunan*, 291 F.3d at 643.

Because four of the five factors favor dismissal, the Court concludes that dismissal is

United States District Court
Northern District of California

proper under Federal Rule of Civil Procedure 41(b). Accordingly, the case is dismissed without prejudice, and the Clerk is ordered to close the case.

**IT IS SO ORDERED.**

Dated: October 19, 2026

P. Casey Pitts
United States District Judge